**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEANTHONY FLOWERS,

Movant,

v. Case No. 8:26-cv-1905-WFJ-SPF
Crim. Case No. 8:24-cr-71-WFJ-SPF

UNITED STATES OF AMERICA,

Respondent.
_______________________________________/

# ORDER

Deanthony Flowers is a federal prisoner serving a 66-month sentence for possession of a firearm by a felon. He moves *pro se* to vacate his conviction under 28 U.S.C. § 2255. (Civ. Doc. 3). After careful review, the Court concludes that the amended § 2255 motion must be denied as meritless. *See* Rule 4(b), Rules Governing Section 2255 Cases ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

This case arises from a traffic stop that occurred on July 12, 2023, in Lakeland, Florida. (Crim. Doc. 66 at 1). In brief, Detective Brent Behrens observed Mr. Flowers commit two traffic infractions—failing to come to a complete stop while leaving an apartment complex, and failing to stop before a stop bar line. (*Id.*) Detective Behrens relayed his observations over the police radio. (Crim. Doc. 104 at 15). Based on this

information, Officers Joseph Novis and Jim Simon conducted a traffic stop of Mr. Flowers's vehicle. (*Id.* at 21, 29-31). Officer Simon approached the vehicle first, and he saw a firearm wedged between the driver and middle seats. (*Id.* at 33, 36). Officer Novis proceeded to remove Mr. Flowers from the vehicle. (*Id.* at 33). As he did so, Officer Novis detected the "odor of marijuana" and observed a "cannabis cigarillo" in the car's "ashtray." (*Id.* at 33-34, 52). Officer Novis asked Mr. Flowers whether there was "anything illegal in the car"; he responded that "[t]here was a blunt inside." (*Id.* at 35, 52-53). Based on their observation of the firearm and the marijuana, the officers searched the car, locating a "cannabis blunt" and a Glock pistol with a loaded magazine. (*Id.* at 36-37; Crim Doc. 66 at 2).

Mr. Flowers, who had several prior felony convictions, was charged with possession of a firearm by a felon. (Crim. Doc. 1). He moved to suppress the evidence obtained from the vehicle search, arguing that the traffic stop violated the Fourth Amendment because he "committed no traffic violations." (Crim. Doc. 23 at 8). Following a suppression hearing, the Court denied the motion in a written order. (Crim. Docs. 66, 104). The Court held that "Detective Behrens's communication of two different traffic infractions provided . . . adequate probable cause to stop [Mr. Flowers's] vehicle." (Crim. Doc. 66 at 3). The Court noted that Mr. Flowers challenged only the "initial traffic stop"—not the "subsequent search of [the] vehicle." (*Id.* at 6). Nevertheless, the Court found that the officers had "ample probable cause to search the vehicle" based on "the observation of a firearm in plain view and the odor of marijuana emanating from the vehicle." (*Id.* at 6-7).

After the motion to suppress was denied, Mr. Flowers pled guilty without a plea agreement to possession of a firearm by a felon. (Crim. Doc. 83). The Court sentenced him to 66 months' imprisonment, a sentence at the low end of the guidelines range of 63 months to 78 months. (Crim. Docs. 100, 101). Mr. Flowers did not pursue a direct appeal. Instead, he moved to vacate his conviction under § 2255. (Civ. Doc. 3).

In his amended § 2255 motion, Mr. Flowers alleges that trial counsel provided ineffective assistance by failing to "adequately" litigate the motion to suppress. (*Id.* at 15-16). According to Mr. Flowers, counsel should have used "body-camera evidence" and "inconsistencies" in the officers' testimony to establish that "the firearm was not clearly visible as claimed by law enforcement." (*Id.*) Additionally, Mr. Flowers points out that Officer Simon—"the officer claiming the initial observation of the firearm"—did not testify at the suppression hearing "despite being subpoenaed." (*Id.* at 14). In sum, had counsel "challenge[d] whether the . . . firearm was actually in plain view," there was allegedly a "reasonable probability" that the motion to suppress would have been granted. (*Id.* at 17).

This claim fails for lack of prejudice. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address [*Strickland*'s] performance prong if the defendant cannot meet the prejudice prong, or vice versa."). To show prejudice in this context, Mr. Flowers must establish "a reasonable probability that the outcome of the suppression hearing would have been different" had counsel argued that the search was unlawful because the firearm was not in plain view. *Parker v. Allen*, 565 F.3d 1258, 1280-81 (11th Cir. 2009). Mr. Flowers cannot make the required showing because, even if the

firearm was not in plain view, Officer Novis's detection of the odor of marijuana independently supplied probable cause for the search.

"If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996). "Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in the vehicle under the totality of the circumstances." *United States v. Lanzon*, 639 F.3d 1293, 1300 (11th Cir. 2011). As he was removing Mr. Flowers from the vehicle, Officer Novis detected the "odor of marijuana" and observed a "cannabis cigarillo" in the car's "ashtray."[1] (Crim. Doc. 104 at 33-34, 52). "[T]he smell of burnt marijuana emanating from a vehicle is sufficient probable cause to search a vehicle." *Merricks v. Adkisson*, 785 F.3d 553, 560 n.3 (11th Cir. 2015); *see also United States v. Alvarez*, No. 23-12286, 2025 WL 1672851, at *5 (11th Cir. June 13, 2025) ("The smell of marijuana creates probable cause to search a vehicle."). Therefore, Officer Novis's detection of the odor of marijuana was independently sufficient to provide probable cause for the search. *See Smith v. City of Oak Hill*, 587 F. App'x 524, 527 (11th Cir. 2014) ("[T]he smell of marijuana . . . provided independent probable cause supporting the search that led to the discovery of the drugs, firearms, and ammunition.").

Because the smell of marijuana supplied "an independent basis establishing probable cause," any argument about the visibility of the firearm would have made no

[1] The officers lawfully removed Mr. Flowers from the vehicle during the traffic stop. *See Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 (1977) ("[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures.").

difference to the outcome of the suppression hearing. *Bell v. United States*, No. 23-11617, 2023 WL 9326258, at *1 (11th Cir. Sept. 25, 2023). Therefore, Mr. Flowers cannot show prejudice from the failure to challenge whether the firearm was in plain view. *See Lewis v. United States*, 491 F. App'x 84, 86 (11th Cir. 2012) (no prejudice from failure to offer additional testimony at suppression hearing because law enforcement "had alternative, independent grounds for the stops and searches").

The remaining grounds in the amended § 2255 motion seek to relitigate the merits of the motion to suppress. (Civ. Doc. 3 at 5-9). Mr. Flowers argues that (1) the traffic stop "violated the Fourth Amendment" because the traffic infractions were "unsupported," (2) the officers could not rely on the "fellow officer rule" for probable cause to search the vehicle, and (3) he was unlawfully detained during the stop. (*Id.*)

These arguments are not cognizable under § 2255. "Relying on *Stone v. Powell*, 428 U.S. 465 (1976), several courts have held that as long as the petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, a freestanding Fourth Amendment claim is not cognizable under § 2255 because the costs of applying the exclusionary rule in the post-conviction context outweigh its deterrence benefits."[2] *Barnes v. United States*, No. 3:15-CR-112-BJD-PDB, 2022 WL 4537680, at *7 n.5 (M.D. Fla. Sept. 28, 2022) (collecting cases). An "'opportunity for full and fair litigation' means just that: an opportunity." *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008). "[W]here there are facts in dispute, full and fair consideration requires consideration by the fact-finding court,

[2] Federal courts "are obliged to apply *Stone* as a prudential limitation on the exercise of [their] jurisdiction [], even if it must be raised *sua sponte*." *Davis v. Blackburn*, 803 F.2d 1371, 1372-73 (5th Cir. 1986).

and at least the availability of meaningful appellate review by a higher . . . court." *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990). Mr. Flowers had a full and fair opportunity to litigate his Fourth Amendment claim. The Court held a suppression hearing, took testimony relevant to Mr. Flowers's allegations, and issued a written order explaining the basis for its denial of the motion to suppress. (Crim. Docs. 66, 104). Mr. Flowers opted not to appeal his conviction, but there was "at least the availability of meaningful appellate review" of the Fourth Amendment issue.[3] *Tukes*, 911 F.2d at 514; *see also Caver v. State of Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978) (noting that if "processes [exist] whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes"). Therefore, *Stone* precludes Mr. Flowers from relitigating his motion to suppress via a § 2255 motion.

Even if *Stone* did not bar Mr. Flowers's Fourth Amendment claim, it fails on the merits. The Court fully addressed the Fourth Amendment issue in its order denying the motion to suppress. (Crim. Doc. 66). As explained above, Mr. Flowers's additional contentions about the firearm would not have changed the outcome of the suppression hearing. In short, nothing in the amended § 2255 motion shows that the Court erred in concluding that the traffic stop and resulting search were lawful.[4]

---

[3] As noted above, Mr. Flowers pled guilty without a plea agreement.

[4] Mr. Flowers cites the rule that "a traffic stop may not be prolonged beyond the time reasonably required to complete the mission of the stop without additional reasonable suspicion." (Civ. Doc. 3 at 16-17). It is unclear whether he intends to argue that the stop in this case was unlawfully prolonged. Regardless, there is no evidence that the officers "(1) conduct[ed] an unrelated inquiry aimed at investigating other crimes (2) that add[ed] time to the stop (3) without reasonable suspicion." *United States v. Campbell*, 26 F.4th 860,

Accordingly, the Court **ORDERS**:

1. Mr. Flowers's amended motion to vacate under § 2255 (Civ. Doc. 3) is **DENIED**.
2. The **CLERK** is directed to enter judgment against Mr. Flowers, to **CLOSE** this case, and to enter a copy of this order in the criminal case.
3. Because Mr. Flowers neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, on July 31, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

884 (11th Cir. 2022). Mr. Flowers also states, without elaboration, that counsel "failed to adequately investigate mitigating evidence." (Civ. Doc. 3 at 4). Mr. Flowers does not describe the "mitigating evidence" that should have been investigated. These "[c]onclusory allegations of ineffective assistance are insufficient" to merit relief. *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992).